IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTONIO RONALD HART, III,

    Plaintiff,

    v.

WARDEN MAJOR ROWE, *et al.*,

    Defendants.

Civil Action No.:  PX-23-1100

**MEMORANDUM OPINION**

Antonio Ronald Hart, III, a detainee at Washington County Detention Center ("WCDC"), brings this civil rights action against Warden Craig Rowe, Captain Edward Long, and Captain Doug Moore[1] for failure to protect him from harm.  ECF No. 1.  On August 4, 2023, Defendants moved to dismiss the Complaint or alternatively for summary judgment to be granted in their favor. ECF No. 10.  The Court notified Hart of his right to respond to the motion, and that his failure to respond may result in the Court deciding the motion without his further input.  *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975); ECF No. 11.  Hart has not responded and the deadline for doing so has long since passed.  For the reasons discussed below, Defendants' motion, construed as one for summary judgment, shall be granted.

I.    **Background**

According to the Complaint, on October 4, 2021, another detainee burst through an open cell door and stabbed Hart in the head.  ECF No. 1 at 6.   Hart tried to get up to better defend himself but the attacker pushed Hart onto the bottom bunk and continued the assault.  *Id.* at 6-7. Eventually, the attacker left, slamming the cell door closed.  *Id.* at 7.

---

[1] The Clerk shall be directed to amend the docket to reflect Defendants' full and correct names.

Hart immediately tried to alert a correction officer by waving a bloody rag out of the drop box in his cell door. ECF No. 1 at 7. Eventually, the officer responded and transported Hart to receive medical care, but by this point, Hart's blood was "gushing everywhere." *Id.* When Hart arrived at the medical unit, he briefly lost consciousness. *Id.* He was transported to Meritus Hospital where he received stitches and a CAT scan. *Id.*

When Hart returned to WCDC, he reported the incident to Captain Moore and asked to be placed in protective custody. ECF No. 1 at 8. Moore responded that Hart should have made sure his cell door was closed. *Id.* Evidently, Hart had previously asked to be placed in protective custody to no avail. *Id.* at 8-9.

On November 3, 2021, Hart submitted a handwritten inmate grievance addressed to Captain Long. In that submission, Hart describes the assault and his concerns for his safety at WCDC. ECF No. 10-5 at 1-8. On the same day, Hart also submitted correspondence to Warden Rowe that was substantially similar in content. ECF No. 10-6 at 1-6.

On November 12, 2021, Captain Long informed Hart that his attacker had been placed in segregation, was found guilty of facility rule violations, and was criminally charged. *Id.* at 9. Hart was instructed to submit a medical care request for any injuries related to the assault. *Id.*

Warden Rowe separately responded to Hart on November 16, 2021. ECF No. 10-6 at 7. Warden Rowe did not refer to the grievance that Hart had filed with Captain Long and instead reviewed the requests that Hart had made to him. The Warden summarized the care that Hart had received since the incident, noted for Hart that the "assailant" has been criminally charged, and otherwise denied Hart relief. *Id.* No record suggests that Hart appealed either the decision of Captain Long or Warden Rowe. ECF No. 10-8 at ¶ 6.

## II.       Standard of Review

Defendants move to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) or,

in the alternative, for summary judgment to be granted in their favor.  Such motions implicate the

Court's discretion under Rule 12(d).  *See Kensington Vol. Fire Dep't., Inc. v. Montgomery Cty.*,

788 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012).  Rule 12(d)

provides that when "matters outside the pleadings are presented to and not excluded by the court,

the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R.

Civ. P. 12(d).  The Court maintains "'complete discretion to determine whether or not to accept

the submission of any material beyond the pleadings that is offered in conjunction with a Rule

12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider

it.'"  *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013)

(quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2012

Supp.)).  Hart was placed on notice that Defendants sought summary judgment in their favor and

given ample opportunity to respond.  ECF No. 11.  Accordingly, the Court treats the motion as one

for summary judgment.  *See, e.g.*, *Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005).

Pursuant to Rule 56(a), "[t]he Court shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  The Court must "view the evidence in the light most favorable to…the nonmovant,

and draw all reasonable inferences in [their] favor without weighing the evidence or assessing the

witnesses' credibility."  *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir.

2002).  Importantly, "the mere existence of *some* alleged factual dispute between the parties will

not defeat an otherwise properly supported motion for summary judgment; the requirement is that

there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-

48 (1986) (emphasis in original).

The Court maintains an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting Fed. R. Civ. P. 56(e)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 249-50.

### III.   Analysis

Defendants contend that the claims must be decided in their favor because Hart failed to exhaust his administrative remedies. ECF No. 10-1 at 8-14. The Prison Litigation Reform Act states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Although exhaustion under § 1997e is not a jurisdictional prerequisite, a plaintiff must nonetheless exhaust before the court will hear the claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005). Because the Court may not consider an unexhausted claim, exhaustion prior to federal suit is mandatory. *Ross v. Blake*, 578 U.S. 632, 639 (2016). Therefore, a Court ordinarily may not excuse a failure to exhaust. *Id*. (*citing Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires an inmate to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S.

81, 88, 93 (2006).  Importantly, however, the court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies.  42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 636.  An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaved*a, 478 F.3d at 1225); *Kaba*, 458 F.3d at 684.

Pretrial detainees at WCDC may avail themselves of the Inmate Grievance Procedure set out in the WCDC Inmate Handbook (the "Handbook").  ECF No. 10-7.  According to the Handbook, a detainee must first submit an Inmate Request Form to the classification department to receive a  "Grievance Form." *Id.* at 56.  The detainee next receives the Grievance Form with directions as to which Captain the detainee should submit the completed form. *Id.*  The designated Captain has fifteen working days to respond. *Id.*  If the detainee is not satisfied with the Captain's decision, the detainee may appeal decision to the Warden within seven days. *Id.*  The Warden has fifteen working days to decide the appeal. *Id.*

Viewing the record most favorably to Hart, he appears to have filed two grievances contemporaneously about the same incident – one to Captain Long and the other to Warden Rowe. The second grievance cannot reasonably be considered an appeal because Captain Long had not yet issued his decision at the time Hart wrote to Warden Rowe.  Hart received Captain Long's decision on November 12 and Warden Rowe's decision on November 16, and did not appeal either one prior to filing his Complaint.  Accordingly, because the record construed most favorably to Hart indisputably reflects his failure to exhaust administrative remedies, summary judgment must be granted in Defendants' favor.

## IV.    Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, construed as a motion for summary judgment, is granted.  A separate Order follows.

<table>
<tr><td>      11/3/23      </td><td></td><td>      /S/      </td></tr>
<tr><td>Date</td><td></td><td>Paula Xinis<br>United States District Judge</td></tr>
</table>